WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Blum, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Banner Health, et al.,<br><br>        Defendants. | No. CV-20-00409-PHX-DLR<br><br>**ORDER** |

Plaintiffs are Edward and Nancy Blum.  Defendants are (1) Banner Health, Banner Boswell Emergency Department, Banner Del E Webb Medical Center, Banner Health CEO Peter Fine, and Banner Boswell Medical Center CEO Debbie Flores (collectively "Banner Defendants") and (2) California Emergency Physicians, whose true name is CEP America-Arizona, LLP ("CEP").  The complaint alleges that Defendants violated the Emergency Medical Treatment and Labor Act ("EMTALA") in relation to medical care Mr. Blum received between 2011 and 2018.  (Doc. 1.)  The Banner Defendants and CEP each filed motions to dismiss.  (Docs. 10, 11.)  They argue that EMTALA claims based on medical care Mr. Blum received prior to February 25, 2018 are time-barred, and that the claims against Fine, Flores, and CEP must be dismissed because the EMTALA imposes liability only on hospitals.[1]  These motions are fully briefed (Docs. 26-29) and will be granted.[2]

---

[1] Defendants initially voiced confusion over whether Plaintiffs also are alleging state law negligence claims (Docs. 10, 11), but Plaintiffs' complaint and response briefs make clear that their claims are based solely on the EMTALA (Docs. 1, 26, 27).

[2] Plaintiffs filed a motion for a hearing, which the Court construes as a request for

Congress passed the EMTALA to address concerns "that hospitals were 'dumping' patients who were unable to pay, by either refusing to provide emergency medical treatment or transferring patients before their conditions stabilized." *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1255 (9th Cir. 1995). The EMTALA applies to hospitals that participate in Medicare and requires their emergency departments, upon request, to examine individuals to determine whether an emergency condition exists and, if so, to either provide stabilizing treatment or transfer the individual to another medical facility according to statutorily prescribed procedures. 42 U.S.C. § 1395dd.

The EMTALA authorizes "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section" to bring a civil action "against the participating hospital" within two years of the date of the violation. § 1395dd(c). "The plain text of the EMTALA explicitly limits a private right of action to the participating hospital." *Eberhardt*, 62 F.3d at 1256. Moreover, courts that have considered the question have persuasively concluded that state accrual rules, such as the discovery rule, do not apply to the EMTALA. *See Tyler v. Boston Med. Ctr.*, No. 13-10820-JCB, 2013 WL 2467753, at *3 (D. Mass. June 6, 2013); *Saltares v. Hospital San Pablo Inc.*, 371 F. Supp. 2d 28, 34 (D. Puerto Rico 2005); *Dickey v. Baptist Memorial Hosp.-North Miss.*, No. 3:95CV161-B-A, 1996 WL 408879, at *2 (N.D. Miss. June 27, 1996).

Plaintiffs' claims against Fine, Flores, and CEP must be dismissed because these defendants are not hospitals. Further, any EMTALA claims based on care Mr. Blum received prior to February 25, 2018 are time-barred. As the Banner Defendants recognize, Plaintiffs' complaint includes allegations related to medical care Mr. Blum received in July 2018. Any EMTALA claims against Banner Health, Banner Boswell Emergency Department, and Banner Del E Webb Medical Center based on that care may proceed.

**IT IS ORDERED** that the Banner Defendants' motion to dismiss (Doc. 10) is

---

oral argument on the motions to dismiss. (Doc. 30.) Plaintiffs' motion for oral argument is denied because the issues are adequately briefed, and oral argument will not help the Court resolve the pending motions. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**GRANTED** as follows:

1. All claims against Fine and Flores are dismissed.
2. Claims against Banner Health, Banner Boswell Emergency Department, and Banner Del E Webb Medical Center based on medical care Mr. Blum received prior to February 25, 2018 are dismissed.
3. Claims against Banner Health, Banner Boswell Emergency Department, and Banner Del E Webb Medical Center based on medical care Mr. Blum received after February 25, 2018 may proceed.

**IT IS FURTHER ORDERED** that CEP's motion to dismiss (Doc. 11) is **GRANTED**. All claims against CEP are dismissed.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a hearing on the motions to dismiss (Doc. 30) is **DENIED**. The Court will, however, set a scheduling conference by separate order.

Dated this 11th day of February, 2021.

Douglas L. Rayes
United States District Judge