**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Blum, et al., | No. CV-20-00409-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Banner Health, et al., | |
| Defendants. | |

This order resolves several pending motions.

First, Plaintiffs filed a motion to stay this action pending resolution of their interlocutory appeal. (Doc. 56.) The Ninth Circuit has since dismissed Plaintiffs' interlocutory appeal for lack of jurisdiction. (Doc. 65.) Accordingly, Plaintiffs' motion to stay will be denied as moot.

Second, Plaintiffs filed a motion to compel Defense Counsel to withdraw from this case. (Doc. 59.) This motion is meritless. Plaintiffs voice frustration with their interactions with Defense Counsel, but they articulate no factual or legal basis that would justify compelling Defense Counsel to withdraw. This motion is denied.

Third, Plaintiffs have filed a motion for reconsideration of the Court's order granting Defendant's motion to deem requests for admissions admitted. (Doc. 68.) Defendant served Plaintiffs with the subject requests for admission on March 8, 2021. Plaintiffs did not respond. On March 17, 2021, Defendants moved to deem those requests for admissions

admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), which provides that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serve on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney[.]" (Doc. 55.) Plaintiffs did not respond to this motion.[1] Instead, on June 16, 2021—over three months after Defendant served Plaintiffs with the requests for admission—Plaintiffs provided Defendant with tardy responses. On August 20, 2021, Defendants filed a reply in support of its motion to deem its requests for admission admitted. (Doc. 66.) In that reply, Defendant disclosed that Plaintiffs had filed late responses, but Defendants maintained that the requests for admission still should be deemed admitted because they were not responded to within 30 days. On August 24, 2021, the Court granted Defendant's motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Plaintiffs have not established a basis for reconsideration. Plaintiffs argue that the Court should not have granted Defendant's motion because Plaintiffs eventually responded

---

[1] If a party fails to respond to a motion, Local Rule of Civil Procedure 7.2(i) allows the Court to grant the motion summarily.

to the requests for admission in June. But this information was known to the Court at the time it granted Defendant's motion. Moreover, Rule 36(a)(3) provides that a matter is deemed admitted unless it is responded to within 30 days of being served—something that indisputably did not occur here. Plaintiffs therefore have not established that the Court committed manifest error, nor have they presented new facts or legal authority. Although Plaintiffs are self-represented, they still must follow the Federal and Local Rules of Civil Procedure.[2]

**IT IS ORDERED** that Plaintiffs' motions to stay (Doc. 56), to compel Defense Counsel to withdraw (Doc. 59), and for reconsideration (Doc. 68) are **DENIED**.

Dated this 2nd day of September, 2021.

_____
Douglas L. Rayes
United States District Judge

---

[2] This is not Plaintiffs' first federal lawsuit. They have filed at least three lawsuits between 2012 and 2017 (*Blum v. Kleven, et al*, 2:12-cv-01680-ROS; *Blum v. Duran, et al*, 2:13-cv-00966-DLR; and *Blum v. Keane, et al*, 2:17-cv-01345-GMS). They therefore are not strangers to the Federal and Local Rules of Civil Procedure.