**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Blum, et al., | No. CV-20-00409-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Banner Health, et al., | |
| Defendants. | |

Before the Court is Defendant's Motion to File Exhibit to Motion for Summary Judgment Under Seal. (Doc. 79.) Plaintiffs did not file a response to the motion. Ordinarily, Plaintiffs' failure to respond would be grounds for granting Defendant's motion summarily. LRCiv 7.2(i). But in the context of a motion to seal, Plaintiffs and Defendant are not the only interested parties.

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and a party seeking to overcome this presumption and file a record under seal generally must provide a compelling reason for doing so, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case."

*Id.* at 1097. A party seeking to seal such materials "need only satisfy the less exacting 'good cause' standard." *Id.* Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those records governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. The exception to the ordinary compelling reasons standard applies only to records that are unrelated or merely tangentially related to the merits of a case. Sealing documents appended to a motion that is more than tangentially related to the merits of a case requires a compelling justification.

Here, Defendant seeks to file under seal an exhibit to its forthcoming motion for summary judgment. As such, it must satisfy the more rigorous compelling reasons standard.[1] Examples of compelling reasons "include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* at 1096 (internal quotations and citation omitted). A movant's reason for seeking to seal a judicial record must be supported by an articulable factual basis, rather than "hypothesis or conjecture." *Id.* at 1096-97 (internal quotations and citation omitted).

The exhibit at issue is Defendant's policy number 1330, titled "EMTALA – Medical Screening Examination and Stabilization Treatment" ("the Policy"). Defendant notes that the Policy is subject to a Protective Order entered on April 29, 2021 (Doc. 51), but the fact that a document is treated as confidential pursuant to a protective order is not, without more, a compelling reason for sealing that document once it is used to support a dispositive motion. *See Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017) ("Ordinarily . . . a party's designation of a document as confidential is not *per se* good cause."). Once a party decides to use a document to support a filing with the Court, the party asserting confidentiality must show

---

[1] Despite this, Defendant's motion speaks only of good cause.

a compelling reason for sealing the record.

On that score, Defendant argues that the Policy should be sealed because it contains "proprietary information relating to its EMTALA policy, which is not readily available to the public," and because Defendant "has legitimate concerns that the Policy could be improperly disseminated to non-litigants or persons outside of this case who have no valid basis or need to have access to it[.]" (Doc. 79 at 2.) But the mere fact that the public will see information essential to a dispositive motion is not, by itself, a justification for sealing that information. It is, after all, the people's courthouse, and interested members of the public have a valid interest in understanding what goes on here. There is nothing nefarious about non-litigants accessing information necessary to understanding judicial rulings.

Defendant's description of the Policy as containing "proprietary information" has the makings of a compelling reason—namely if public disclosure of the proprietary information would harm Defendant's competitive standing. But Defendant does not contend that the public docketing of the Policy will harm its competitive standing, nor does it articulate any factual basis for believing such competitive harm would occur. And even if Defendant had articulated such a basis, the Court must balance Defendant's interest in confidentiality against the public's interest in accessing judicial records—a task made almost impossible by the fact that Defendant has not lodged the Policy under seal for the Court's review, nor has it explained how central the Policy is to its forthcoming summary judgment motion. If viewing the Policy is critical to understanding Defendant's forthcoming motion and the Court's future ruling on it, then the public has a greater interest in accessing it.[2]

For these reasons, the Court will deny Defendant's motion to seal without prejudice. If Defendant can articulate a non-speculative factual basis for believing that real-world harm will occur if the Policy is publicly docketed, it may renew its motion to seal.

---

[2] It might be the case that only a discrete portion of the Policy is relevant to this matter, in which case a stronger argument could be made for sealing the portions of the Policy that are unrelated to the merits. In such a situation, redactions might be more appropriate than wholesale sealing. But, again, the Court cannot assess any of this because it does not know what is in the Policy or how the Policy will be used in Defendant's forthcoming summary judgment motion.

**IT IS ORDERED** that Defendant's motion to seal (Doc. 79) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion for ruling on its motion for seal (Doc. 81) is **DENIED** as moot.

Dated this 19th day of November, 2021.

Douglas L. Rayes
United States District Judge