**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Blum, et al., | No. CV-20-00409-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Banner Health, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion seeking appointment of counsel or, in the alternative, an indefinite stay of this matter while they search for counsel. (Doc. 91.) Both requests will be denied.

Plaintiffs are self-represented and have been since they filed this case in February 2020. (Doc. 1.) Plaintiffs are not proceeding in forma pauperis; at the time they filed their complaint, they paid the filing fee associated with this action and they have never applied to proceed without prepaying fees and costs.

In May 2020, Plaintiffs moved for the appointment of counsel. (Doc. 20.) The Court denied the motion, explaining:

> Generally, there is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). The Court has discretion, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel to represent civil litigants who cannot afford counsel. However, appointment of counsel is appropriate only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d

> 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the Court must evaluate both the likelihood of success on the merits, and the ability of the plaintiffs to articulate their claims pro se, in view of the complexity of the case. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).
>
> Here, Plaintiffs are not proceeding in forma pauperis pursuant to § 1915, nor have they shown that they cannot afford an attorney. Plaintiffs do not argue in their motion that they cannot afford an attorney. Instead, they argue that the Court should appoint counsel because they have been unable to find an attorney. (Doc. 20 at 1.) For the first time in their reply brief, Plaintiffs contend that they cannot afford counsel, but they do not provide any evidence to support the claim. They simply state that they "are on Social Security" and that "Plaintiff Nancy Blum works thirty-three hours a week as a caregiver for minimum wage." (Doc. 23 at 1-2.) Plaintiffs do not provide evidence of their financial circumstances. Nor have Plaintiffs shown that exceptional circumstances warrant court-appointed counsel. Plaintiffs' claims do not appear particularly complex, and Plaintiffs thus far have not demonstrated an inability to articulate their claims or positions. Lastly, Plaintiffs' likelihood of success on the merits is dubious, especially considering the statute of limitations arguments Defendants have raised in their motions to dismiss (Docs. 10, 11.)

(Doc. 24.)

Plaintiffs thereafter proceeded to litigate this case pro se for two years. On December 3, 2021, Defendants moved for summary judgment. (Doc. 83.) Plaintiffs responded on December 15, 2021. (Doc. 84.) Defendants replied on December 22, 2021. (Doc. 85.) The parties participated in an unsuccessful settlement conference before a Magistrate Judge on June 14, 2022. (Doc. 90.) Then, on June 23, 2022—six months after the close of summary judgment briefing—Plaintiffs filed a motion again seeking appointment of counsel. (Doc. 91.) But Plaintiffs' latest request suffers the same defects as their first.

First, Plaintiffs still are not proceeding in forma pauperis pursuant to § 1915.[1] Their

---

[1] Litigants who want to proceed in forma pauperis must complete a Form AO 239, which is publicly available on the District Court's website, https://www.azd.uscourts.gov/, under "Forms for Self-Represented Litigants," which can be accessed by clicking on "For those Proceeding Without an Attorney" in the upper right corner of the homepage. In their reply brief, Plaintiffs imply that they wish to proceed in forma pauperis, but they have never filed out a Form AO 239—and they know how to do so, having filed the form in a previous case (Doc. 2 in *Blum v. Keane, et al*, 2:17-cv-01345-GMS). Plaintiffs' failure to submit a Form AO 239 makes it impossible for the Court to properly assess their ability to pay the costs and fees associated with this action. Moreover, the fact that Plaintiffs already

motion does not argue that they cannot afford an attorney; they argue for the first time in their reply brief that they cannot afford counsel. Plaintiffs claim that they receive $1,183 per month in Social Security benefits, and that Mrs. Blum earns $900 every two weeks working as a caregiver, but they once again do not provide evidence of their financial circumstances. And this is surprising, considering the Court pointed out all of these problems the first time Plaintiffs moved for appointment of counsel.

Second, Plaintiffs' claim is not especially complex, and Plaintiffs have not demonstrated an inability to articulate their claims or positions. Indeed, they already timely responded to Defendants' summary judgment motion. The Court also notes that this is not Plaintiffs' first time litigating pro se in federal court. They have litigated at least three other cases in this District: *Blum v. Kleven*, et al, 2:12-cv-01680-ROS (filed August 8, 2012), *Blum v. Duran, et al*, 2:13-cv-00966-DLR (filed May 10, 2013), and *Blum v. Keane, et al*, 2:17-cv-01345-GMS (filed May 3, 2017).[2] By now, then, Plaintiffs should be familiar with the process. Indeed, during the scheduling conference held in this matter on March 30, 2021, the Court attempted to explain what Plaintiffs should expect from the summary judgment process. Plaintiffs interjected to assure the Court that they've been in federal court a few times and had no qualms about presenting their case.

Lastly, based on the Court's preliminary review of the summary judgment briefing, Plaintiffs do not appear likely to succeed on the merits of their claim. In sum, Plaintiffs have not demonstrated that exceptional circumstances warrant appointment of counsel.

The Court also denies Plaintiffs' alternative request to stay this action until such time that they may obtain counsel on their own. As noted, the parties have litigated this case for two years. Discovery is over. Summary judgment briefing is closed, and the Court has Defendants' fully briefed summary judgment motion under advisement. Plaintiffs have not shown good cause for an indefinite stay.

---

paid the filing fee is strong evidence that they are capable of paying the fees and costs associated with this action, even if they might not have the means to hire an attorney (which is different than paying court fees and costs).

[2] In all but one of those cases, Plaintiffs paid the filing fee associated with the action, and in none of those cases was counsel appointed.

The Court will rule on Defendants' summary judgment motion in due course. In the event the summary judgment motion is denied, the Court is willing to revisit whether to appoint counsel to assist Plaintiffs at trial. But at this juncture, neither a stay nor appointment of counsel is warranted.

**IT IS ORDERED** that Plaintiff's motion to stay and for the appointment of counsel (Doc. 91) is **DENIED**.

Dated this 24th day of August, 2022.

Douglas L. Rayes
United States District Judge